**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 15, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-30543
Summary Calendar

---

DARLENE TAYLOR DALLEO, Individually and as the Surviving
Wife of Salvadore Dalleo, III,

Plaintiff-Appellant,

versus

RIVER CONSTRUCTION CO. INC., ET AL.,

Defendants,

RIVER CONSTRUCTION COMPANY INC.,

Defendant - Third Party Plaintiff -
Appellee - Appellant,
and

LOUISIANA WORKERS' COMPENSATION CORPORATION,

Defendant - Appellee,

v.

LOUISIANA INSURANCE GUARANTY ASSOCIATION,

Third Party Defendant - Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2397-C
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darlene Dalleo, surviving spouse of Salvadore Dalleo, III, appeals the district court's grant of summary judgment and dismissal of her claims against River Construction Co., Inc., a marine construction company which employed Mr. Dalleo. River Construction contracted to do dock repair work; it provided the barge from which its employees did the repair work; Dalleo was injured while climbing down timbers located on the dock in order to get to the barge. Mrs. Dalleo filed suit against River Construction arguing that, as owner of the barge, River Construction was negligent under 33 U.S.C. § 905(b) for not providing a safe ingress/egress between the barge and the dock.

Our de novo review of the record reveals that, in its capacity as owner of the barge, River Construction did not breach its (1) turnover duty, (2) its duty to protect against hazards arising in areas or equipment under the barge's active control, or (3) its duty to intervene based upon knowledge as barge owner of a serious hazard ignored by it acting in its capacity as stevedore. See Fontenot v. United States, 89 F.3d 205, 209 (5th Cir. 1996); see also Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156, 166-70 (1981); Howlett v. Birkdale Shipping Co., S.A., 512 U.S. 92, 98 (1994); Castorina v. Lykes Bros. S.S. Co., Inc., 758 F.2d 1025,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1031-33 (5th Cir. 1985).  The district court was correct to dismiss Mrs. Dalleo's negligence claim against River Construction.

The claims subject of this suit fall within the definition of ocean marine insurance as defined in LA. REV. STAT. ANN. 22:1379(9) (West 1995), and the district court correctly dismissed River Construction's third-party claim against the Louisiana Insurance Guaranty Association.  See Blair v. Sealift, Inc., 91 F.3d 755, 757 (5th Cir. 1996); H & B Const. Co., Inc. v. LIGA, 580 So. 2d 931, 933-34 (La. App. 1991).

AFFIRMED.